Thomas A. Aurelio, J.
The defendants other than the defendant 1 ‘ Seller ’ ’ move for dismissal of the cross claim contained in the answer of the defendant “ Seller ”. By separate motion, the defendant “ Seller ” has moved for an order permitting it to intervene as “ Debtor in Possession” and for dismissal of the answer of the defendant Permadent Manufacturing Corporation.
This action was commenced by plaintiffs, as creditors of the Seller, for a declaration that a certain bulk sale was void and made in violation of section 44 of the Personal Property Law. *815 Joined as defendants are the Seller, the Buyer, and two other parties. Plaintiffs seek an injunction, an accounting, and receivership.
The defendant Seller is now a Debtor in Possession, pursuant to a pending arrangement proceeding. Therein, the institution of a plenary suit based on such alleged violation was authorized, and in the meantime a stay was granted against the defendants. As a result of ensuing inaction, these plaintiffs, creditors, undertook to commence the indicated plenary suit.
The defendant Seller, by his cross claim, which the other defendants now move to dismiss, seeks substantially the same relief sought by the plaintiffs.
The motion of the proposed intervenor, for dismissal of the answer of the codefendants, is made presumably pursuant to rule 113 of the Buies of Civil Practice, and not upon any pleading served by it as an intervenor and defendant and Debtor in Possession, but upon the cross claim heretofore asserted by the named defendant Seller.
Plaintiffs have also cross-moved for summary judgment directing that repossession be given to the Seller as Debtor in Possession.
There appears to be no dispute that the Seller made a transfer of its assets, both tangible and intangible, to the Buyer, by virtue of a series of lengthy and complicated agreements providing, among other things, that the Seller act as the Btfyer’s selling agent, granting certain option rights to purchase the assets or stock of the buying corporation, providing for a termination, in certain circumstances, of the 10-year agreement, and that a determination of invalidity as to any part of the agreement, regardless how important, shall not affect the remainder.
There appears to have been a cancellation. The only aspect of alleged invalidity urged and argued is the transfer in bulk, and whether this pertains to the agreement in whole or in part is not made to appear, either by way of contention or argument.
While the circumstances and good faith of a transaction are immaterial if made in violation of the statute, yet the agreement may not be construed as constituting a mere transfer by sale, assignment or pledge; and neither its other aspects nor precisely what parts, if any, of the agreement, are invalid, has been argued. In addition, as to the arrangement for the bulk transfer, it is alleged, and apparently not denied, that at least one plaintiff was aware of its negotiation' and preparation. Of course, in any aspect of the agreement in its entirety, the resulting rights of the defendants, other than the defendant Seller, will depend upon the determination as to the applicability of the Bulle Sales *816 Act (Personal Property Law, § 44), and to which portion of the agreement, and also upon whether, as appears to be the fact, the Buyer has cancelled and terminated the agreement pursuant to claimed right as therein provided.
In all the circumstances, all applications for dismissal of pleadings and for judgment must be denied in the presence of issues requiring trial, as well as the Buyer’s motion to dismiss the cross claim pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice.
The application for leave to intervene is granted.
Furthermore, since the conflicting claims leave the right to possession in dispute, all parties save the Buyer asserting that the Debtor in Possession is entitled to possesion for the benefit of all creditors, that the Buyer’s claimed rights other than possessory, if any, under the agreement, are to be asserted by it as a creditor, it is appropriate that, pending final determination, the transferred assets be placed in the possession of a receiver, and the order to be entered will provide therefor. The motions are disposed of as indicated.